UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
MICHAEL BLANDON, on behalf of himself and all others similarly situated,

                                      Plaintiff,

   -against-

GEMINI EXPRESS TRANSPORT CORP. and HENRY FUNG,

                                     Defendants.
------------------------------------------------------------------------ X

No. 25 Civ. 4665

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff Michael Blandon, on behalf of himself and all others similarly situated, by his attorneys Pechman Law Group PLLC, complaining of Defendants Gemini Express Transport Corp. and Henry Fung (collectively, "Defendants"), alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff worked as a forklift operator, breakdown team leader, and truck loader and unloader at Gemini Express Transport Corp. Throughout his employment, Plaintiff worked up to sixty-five hours per workweek, but Defendants failed to pay him at least one and one-half times his regular hourly wage rate for hours worked over forty per workweek. Defendants also failed to provide Plaintiff with a wage notice at his time of hire and when his wage rate changed, and accurate wage statements with each payment of wages.

2. Plaintiff brings this action on behalf of himself and all similarly situated warehouse workers who worked in Defendants' warehouse within the last six years to recover unpaid overtime wages, liquated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the New York Labor Law § 190, *et seq.* ("NYLL"), and the NYLL's Wage Theft Prevention Act, NYLL §§ 195, 198 ("WTPA").

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred in this District.

## THE PARTIES

**Plaintiff Micheal Blandon**

5. Michael Blandon resides in Queens County, New York.

6. Defendants employed Blandon as a breakdown leader, forklift operator, and loader and unloader from approximately May 2023 through February 2025.

**Corporate Defendant**

7. Defendant Gemini Express Transport Corp. ("Gemini") is a New York Corporation headquartered at 147-09 182nd Street, Springfield Gardens, New York 11413.

8. Gemini is a freight solutions and logistics service provider that offers the public with Pickup and Delivery Cartage, Line Haul Services, Less Than Truck Load Services, Bonded CFS & Warehousing Services, and TSA CCSF – Export Screening services. *See* https://www.gemini-express.com/about-us/# (last visited May 23, 2025).

9. Gemini operates warehouses in New York, California, and Illinois. *See* https://www.gemini-express.com/about-us/# (last visited May 23, 2025).

10. In approximately October 2024, Gemini began operating a new warehouse located at 184-54 149th Avenue, Springfield Gardens, New York 11413.

11. Throughout the last two years, Gemini has had employees, including Blandon, engaged in interstate commerce or in the production of goods for interstate

commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produces for interstate commerce by any person.

12. In the two years before the filing of this Complaint, Gemini's annual gross volume of sales exceeded $500,000.

**Defendant Henry Fung**

13. Defendant Henry Fung is Director of Operations at Gemini.

14. Fung oversees the day-to-day operations of Gemini.

15. Fung held and exercised authority over personnel decisions at Gemini, including the authority to hire and fire employees, set employee schedules and wage rates, and maintain personnel records.

16. Fung hired Blandon to work with Gemini.

17. Throughout Blandon's employment period, Fung would often go to the warehouse himself, supervise workers on the performance of their work duties, and provide materials needed for work tasks.

18. Fung also delegated this power and authority through the personnel of Gemini, such as Administrator Alan Lyn, Supervisor Kareem White, and Supervisor Brian Campbell.

19. For example, Lyn and White supervised Blandon's work throughout his employment.

20. Lyn and White would inform Blandon which days and schedules he and others would work on given workdays and workweeks.

21. Lyn created and assigned punch codes to clock in and out for new employees, including Blandon's punch code.

22. Lyn addressed all issues concerning Blandon's hours worked or wages paid. For example, on May 17, 2023, Lyn informed Blandon that Gemini would give him a raise to $18 an hour.

23. Upon information and belief, Fung decided that Blandon would receive the raise to $18 per hour.

24. Throughout Blandon's employment, Lyn determined how many employees were required for each shift and asked Blandon to inform other employees of the shifts they would work.

25. When Blandon needed more equipment to get his job duties done, he contacted Fung or Lyn.

26. Fung exercised sufficient control over the Gemini's operations to be considered Blandon's employer under the FLSA and NYLL.

## FACTUAL ALLEGATIONS

27. Throughout his employment, Defendants required Blandon to work as team leader, forklift operator, and truck loader and unloader at Gemini.

28. From May 2023 until approximately August 2024, Blandon worked as breakdown leader and loader and unloader. As a breakdown leader, his duties included unpacking the Permanent Means of Containment ("PMC") pallets[1] that arrived at the warehouse and dividing all the PMC's boxes by respective carriers.

29. From May 2023 until approximately August 2024, Blandon performed physical tasks for more than 25% of his working time per workday, such as walking, standing, carrying boxes, moving boxes, and loading and unloading cargo from trucks.

---

[1] Unit load device used for cargo transport, in which Gemini receives all cargo to be redistributed by designated carriers.

30. From August 2024 until the end of his employment, Blandon worked as forklift operator.

31. Throughout his employment, Defendants paid Blandon his wages on a biweekly basis.

32. Defendants harmed Blandon by paying him biweekly. As an employee making close to or below minimum wage, Blandon faced difficulties paying for rent, bills, and other needs because he had to wait an extra week to receive his wages.

33. For the first two weeks of May 2023, Defendants paid Blandon $15 per hour for all hours worked, including hours over forty per workweek.

34. From approximately mid-May 2023 to December 2023, Defendants paid Blandon $18 per hour for all hours worked, including hours over forty per workweek.

35. From approximately January 2024 until the end of his employment, Defendants paid Blandon $19 per hour for all hours worked, including hours over forty per workweek.

36. Throughout his employment, Blandon's schedule varied, but he typically worked from 9:00 a.m. until a time between 6:00 p.m. and 11:00 p.m., five to six days per week, with a one-hour break, totaling between forty and sixty-five hours per workweek.

37. For example, Blandon worked 55.3 hours in the workweek of July 8, 2024.

38. For example, Blandon worked 57.7 in the workweek of July 29, 2024.

39. For example, Blandon worked sixty-six hours in the workweek of August 5, 2024.

40. For example, Blandon worked 68.7 hours in the workweek of August 19, 2024.

41. For example, Blandon worked 45.6 in the workweek of August 27, 2024.

42. Defendants did not compensate Blandon for hours worked over forty per workweek at one and a half times his regular rate.

43. Defendants did not furnish Blandon with a wage notice within ten business days of his hiring, as required under the WTPA, setting forth their regular and overtime rates, pay dates, and other required information.

44. Defendants did not furnish Blandon with wage statements with each payment of wages, as required under the WTPA, setting forth per workweek their hours worked, wages rates paid, income deductions and withholdings, and other required information.

45. Defendants' failure to issue complaint wage notices or wage statements go beyond mere technical omissions. They are directly intertwined with and facilitated the wage underpayments that Blandon complains of in this Complaint. Had Defendants complied with the WTPA requirements, in particular those obligating Defendants to provide Blandon with notice of his regular and overtime wage rates due, he would have known of and complained to Defendants of their failure to pay him his overtime wages.

## COLLECTIVE ACTION ALLEGATIONS

46. Blandon brings this action on behalf of himself, and all similarly situated workers who worked in the warehouse of Gemini within the three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

47. The FLSA Collective consists of over ninety warehouse workers who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

48. Throughout Blandon's employment, Blandon and the FLSA Collective have regularly worked more than forty hours on at least some workweeks in the last three years, have performed similar warehouse work duties, and have been subjected to

Defendants' common pay policies depriving them of overtime wages at the rate of one and one-half times their regular hourly wage rates for hours worked over forty per workweek.

49.     Defendants are aware or should have been aware that the FLSA required them to pay Blandon and the FLSA Collective an overtime premium for hours worked over forty per workweek.

50.     Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Blandon and the FLSA Collective.

51.     The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. All similarly situated warehouse workers can be readily identified and located through Defendants' records. They should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

52.     Blandon brings the claims in this Complaint arising out of the NYLL under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and a class consisting of all similarly situated warehouse workers who work or have worked in the warehouse of Gemini within the six years prior to the filing of this Complaint (the "Rule 23 Class").

53.     The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

54.     The size of the Rule 23 Class exceeds ninety individuals, although the precise number of such employees is unknown. Facts supporting the calculation of that number are presently within the sole control of Defendants.

55. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

56. Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually, including the following:

   a. whether Defendants violated NYLL Article 6, § 190, *et seq.*, and Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142, as alleged in this Complaint;

   b. whether Defendants failed to pay the Rule 23 Class at the correct overtime wage rate for hours worked in excess of forty per workweek;

   c. whether Defendants failed to pay the Rule 23 Class on a weekly basis, as required under the NYLL;

   d. whether Defendants failed to provide the Rule 23 Class with accurate wage notices and statements as required by the NYLL and WTPA; and

   e. the nature and the extent of the class-wide injury and the measure of damages for those injuries.

57. Blandon's claims are typical of the claims of the Rule 23 Class he seeks to represent. Blandon and the members of the Rule 23 Class work or have worked for Defendants at various times within the applicable six-year statutory period. They enjoy the same statutory rights under the NYLL to be paid at the overtime rate for all hours worked over forty in a workweek. Blandon and the Rule 23 Class have sustained similar types of damages because of Defendants' failure to comply with the NYLL.

58. Blandon and the Rule 23 Class have all been injured in that they have been under-compensated and compensated late due to Defendants' common policies, practices, and patterns of conduct.

59. Blandon will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

60. Blandon has retained legal counsel competent and experienced in wage-and-hour litigation and class action litigation.

61. There is no conflict between Blandon and the Rule 23 Class members.

62. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery because of Defendants' common policies, practices, and procedures. Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources necessary to conduct a thorough examination of Defendants' compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

63. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

64. Plaintiff incorporates by reference all previous paragraphs.

65. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective overtime wages at the rate of one and one-half their regular hourly wage rates per hour worked over forty per workweek.

66. Defendants are employers within the meaning of 29 U.S.C. §§ 203(d) and 207(a) and employed Plaintiff and the FLSA Collective.

67. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff's and the FLSA Collective's compensation.

68. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

69. Due to Defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## SECOND CLAIM
### (New York Labor Law – Unpaid Overtime)

70. Plaintiff incorporates by reference all previous paragraphs.

71. Defendants are employers within the meaning of the NYLL §§ 190, 651(6), 652 and supporting New York State Department of Labor ("NYDOL") regulations and employed Plaintiff and the Rule 23 Class.

72. Pursuant to the NYLL and its supporting NYDOL Regulations, Defendants were required to pay Plaintiff and the Rule 23 Class one and one-half (1½) times their regular hourly rates of pay for all hours worked over forty per workweek.

73. Defendants failed to pay Plaintiff and the Rule 23 Class overtime wages equal to one and one-half (1½) times their regular hourly rates of pay per hour worked over forty per workweek.

74. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class overtime wages.

75. Due to Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

### THIRD CLAIM
### (WTPA– Failure to Provide Wage Notices)

76. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

77. Defendants failed to furnish Plaintiff and the Rule 23 Class, at the time of hiring with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular payday designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of NYLL § 195(1).

78. Due to Defendants' violation of NYLL § 195(1), Plaintiff and the Rule 23 Class are entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1–b).

### FOURTH CLAIM
### (WTPA – Failure to Provide Accurate Wage Statements)

79. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

80. Defendants failed to furnish Plaintiff and the Rule 23 Class, with each wage payment, with a statement accurately reflecting their: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages;

deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

81. Due to Defendants' violation of the NYLL, § 195(3), Plaintiff and the Rule 23 Class are entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § pursuant to the NYLL § 198(1–d).

## SIXTH CLAIM
### (NYLL – Late Wage Payments)

82. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

83. Throughout Plaintiff's employment before becoming a forklift operator, Plaintiff and the Rule 23 Class spent at least 25% of their working time performing physical tasks, including loading and unloading cargo into and from trucks, walking on and around the warehouse while dividing the PMC pallets, standing while breaking down the PMC pallets, and cleaning the warehouse at the end of their shift.

84. Plaintiff and the Rule 23 Class are "manual workers" within the meaning of the NYLL.

85. Defendants were required to pay Plaintiff and the Rule 23 Class on a weekly basis, and "not later than seven calendar days after the end of the week in which the wages were earned." NYLL § 191(1)(a).

86. By failing to pay Plaintiff and the Rule 23 Class on a weekly basis throughout their employment, Defendants failed to pay them on a timely basis, within seven days of the end of each workweek.

87. Defendants' biweekly pay system injured Plaintiff and the Rule 23 Class because, as manual workers making hourly wages at or close to the minimum wage rate, Plaintiff and the Rule 23 Class had to wait an extra week to receive their earned wages and could not invest it or use it to pay for expenses as they arose.

88. As a result of Defendants' failure to pay Plaintiff and the Rule 23 Class their full wages due on a timely basis in violation of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover interest on their delayed wage payments, as set forth in NYLL § 198(1–a(i)), plus reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, the FLSA Collective, and the Rule 23 Class, respectfully requests that this Court:

a. certify this case as a class action pursuant to Rule 23 for the class of employees described above, designate Plaintiff as the class representative, and designate Plaintiff's counsel as Class Counsel;

b. designate this action as a collective action on behalf of the FLSA Collective and authorize the prompt issuance a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

c. declare that Defendants have violated the overtime wage provisions of the FLSA and the NYLL;

d. declare that Defendants violated the notice and record keeping provisions of the NYLL and WTPA;

e. declare that Defendants' violations of the FLSA and NYLL were willful;

f. award Plaintiff, the FLSA Collective, and the Rule 23 Class unpaid overtime wages;

   g. award Plaintiff and the Rule 23 Class statutory damages as a result of Defendants' failure to furnish them with accurate wage statements at the end of each pay period, in violation of the NYLL and WTPA;

   h. award Plaintiff and the Rule 23 Class statutory damages as a result of Defendants' failure to furnish them with wage notice at the time of their hirings, in violation of the NYLL and WTPA;

   i. award Plaintiff, the FLSA Collective, and the Rule 23 Class liquidated damages pursuant to the FLSA and the NYLL;

   j. award Plaintiff and the Rule 23 Class pre- and post-judgment interest under the NYLL;

   k. award Plaintiff, the FLSA Collective, and the Rule 23 Class reasonable attorneys' fees and costs of the action pursuant to the FLSA and the NYLL; and

   l. award such other and further relief as the Court deems just and proper.

[*intentionally blank, continued on next page*]

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: New York, New York
June 4, 2025

PECHMAN LAW GROUP PLLC

By: _____
Louis Pechman
Gianfranco J. Cuadra
Rachell Henriquez
Pechman Law Group PLLC
488 Madison Avenue, 17th Floor
New York, New York 10022
Tel.: (212) 583-9500
pechman@pechmanlaw.com
cuadra@pechmanlaw.com
henriquez@pechmanlaw.com

*Attorneys for Plaintiff, the putative FLSA Collective, and the Putative Rule 23 Class*