UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL BLANDON, on behalf of himself and all others similarly situated,

        Plaintiff,

-v-

GEMINI EXPRESS TRANSPORT CORP. and HENRY FUNG,

        Defendants.

25 Civ. 4665 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

  Plaintiff Michael Blandon here moves to transfer this case to the Eastern District of New York, based on improper venue. Dkt. 22. The Court grants the motion, on which, plaintiff represents, defendants do not take a position. *Id.*

  As background, on June 4, 2025, Blandon, a forklift operator and truck loader, initiated this action, brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the New York labor laws, on behalf of a putative collective and class. His Complaint alleged, *inter alia*, failures by defendants to pay overtime wages, pay salaries on a weekly basis, and furnish wage notices and statements. Dkt. 1 ("Compl."). On August 26, 2025, defendants filed an answer, Dkt. 14, which they amended on September 16, 2025, Dkt. 17. On September 30, 2025, this Court held an initial pretrial conference, Dkt. 15, and issued a case management plan and scheduling order setting out deadlines for discovery, Dkt. 21. On October 6, 2025, Blandon filed the present motion, stating that "this action was incorrectly filed in the Southern District of New York rather than the Eastern District of New York." Dkt. 22.

  The Court grants Blandon's unopposed motion. Under 28 U.S.C. § 1391(b), a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are

1

residents of the State in which the district is located" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." *Id.* "For venue purposes, a 'natural person' resides in the judicial district where the person is domiciled, and an 'entity with the capacity to sue and be sued' resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question." *Johnson v. Wells Fargo Bank, N.A.*, No. 23 Misc. 74 (PAE), 2023 WL 3571055, at *2 (S.D.N.Y. Apr. 7, 2023) (quoting 28 U.S.C. § 1391(c)(1), (2)). Under 28 U.S.C. § 1406, "if a plaintiff files a case in the wrong venue, the Court 'shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" *Id.* (quoting 28 U.S.C. § 1406(a)).

Blandon's Complaint does not allege any facts suggesting that venue is proper in this District. It alleges that the events giving rise to Blandon's claims occurred at defendants' warehouse in Springfield Gardens, Queens County, located in the Eastern District of New York. Compl. ¶¶ 27–45. And it alleges that the corporate defendant, Gemini Express Transport Corporation, is headquartered at the same location. *Id.* ¶ 7. Accordingly, based on the allegations in the Complaint, venue lies in the Eastern District. *See* 28 U.S.C. § 1391(b)(2). In the "interest of justice," the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1407(a).

## CONCLUSION

The Clerk of Court is respectfully directed to terminate the motion at Docket 22, transfer this case to the United States District Court for the Eastern District of New York, and close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: October 14, 2025
       New York, New York